NRT N.Y., LLC v Middlegate Funding LLC (2022 NY Slip Op 00646)





NRT N.Y., LLC v Middlegate Funding LLC


2022 NY Slip Op 00646


Decided on February 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 01, 2022

Before: Kern, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 


Index No. 652904/19 Appeal No. 15183 Case No. 2021-02513 

[*1]NRT New York, LLC, Doing Business as The Corcoran Group, Plaintiff,
v
Middlegate Funding LLC, Defendant-Respondent, Douglas Elliman LLC, Defendant, Commission Express National, Inc., Defendant-Appellant.


Holihan & Associates, P.C., Richmond Hill (Jason Berke of counsel), for appellant.
Matalon PLLC, New York (Yosef Rothstein of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered December 22, 2020, which, to the extent appealed from as limited by the briefs, denied defendant Commission Express National, Inc.'s cross motion for summary judgment, granted the cross motion of defendant Middlegate Funding, LLC for summary judgment, declared that Middlegate's security interest in a commission was superior to the interests of the other defendants, and directed plaintiff to turn over the commission to Middlegate, unanimously affirmed, with costs.
Nonparty debtor Magda Schenone entered into an agreement with plaintiff NRT New York, LLC d/b/a The Corcoran Group ("Corcoran"), entitling Schenone to splits on commissions resulting from closings of real estate transactions in which she acted as broker. Pursuant to this agreement, Schenone was entitled to a commission of $75,975 in connection with a property sale that closed on June 3, 2019. Corcoran commenced this action against three of Schenone's creditors Commission Express, Middlegate, and Douglas Elliman LLC, each of whom claims an interest in the commission, to determine which of the three claimants is entitled to the funds.
In June 2017, Schenone granted Middelgate, and Middlegate perfected, a continuing first priority security interest in all of her commissions "now owned and hereafter acquired." In August 2018, Schenone granted Commission Express, and Commission Express perfected, a security interest in all of Schenone's commissions. In March 2018, a money judgment in favor of Douglas Elliman and against Schenone in the amount of $70,000 was entered and docketed.
Schenone, seeking an advance on the aforementioned $75,975 commission, entered into a Notice of Assignment, dated April 4, 2019, by which she assigned her right to the commission to Commission Express and directed Corcoran to pay the commission directly to Commission Express.
Commission Express contends that the assignment entitles it to the commission over Middlegate's first perfected security interest as a "purchaser of an instrument" pursuant to Uniform Commercial Code (UCC) § 9-330(d), because the assignment was purchased for value in good faith and without knowledge that the purchase violated the rights of other secured parties. Under UCC § 9-330(d), "a purchaser of an instrument has priority over a security interest in the instrument perfected by a method other than possession if the purchaser gives value and takes possession of the instrument in good faith and without knowledge that the purchase violates the rights of the secured party."
However, Commission Express did not purchase the commission itself, but rather the assignment of the commission, which merely grants Commission Express a right to collect the commission when subsequently paid by Corcoran. Furthermore, Commission Express never took possession of the commission, thereby precluding application of UCC § 9-330(d).
As a result, the timing of filing or perfection of the parties' [*2]security interests determines the rank of their priority (UCC § 9-322[a][1]). Middlegate, which filed its UCC-1 statement in June 2015, therefore has first priority over both Commission Express, which filed its UCC-1 statement in August 2017, and Douglas Elliman, which had its money judgment entered and docketed on March 6, 2018.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2022